Okay, our final case this morning is number 251432 Hutchison v. Collins, Brown. Good morning, your honor. My name is Robert Brown Jr. and I represent veteran Carol E. Hutchison. I have reserved two minutes for rebuttal. Mrs. Hutchison appealed the April 6, 2021 decision from the Board of Veterans' Appeals that denied her claim for bilateral knee replacement, right ankle fusion, and obstructive sleep apnea. At the Veterans' Court, the single-judge decision cited the Board's observation that Mrs. Hutchison's private physician provided inadequate supporting evidence because the doctor linked Mrs. Hutchison's disabilities to a period of active duty, but agreed with the Board that Mrs. Hutchison did not serve on active duty, so the doctor's opinions were considered inadequate. The question that's presented in this case is whether Mrs. Hutchison's service, including worldwide deployment, should be considered active duty rather than active duty for training or even inactive duty training. Okay, so your problem is that we've said that that depends on the service department records and that your remedy, if the service department records show something that's contrary to your interest, you have to go to the corrections board to fix that. Why isn't that this case? Your honor, I looked at the case Delacruz that was cited by the secretary and Delacruz was decided to interpret a different regulation than the ones that I'm citing today, and in Delacruz it was 382. I don't think it's a different regulation. I think it's the same one, 3.30316. Same one, isn't it? Yeah. Your honor, when I looked at Delacruz, I saw that the court was interpreting section 3.203, which specifies that service department records may be used to verify the amount of and character of a claimant's service. But in this case, Mrs. Hutchison provided her service department records from the United States Navy that show where she served and when she served. But those records don't demonstrate that she was on active duty, and isn't that really what it comes down to? How can the veterans court make a determination as to her service or a different determination as to her service when her own Navy records say something different? Your honor, what I was looking at was the regulation 3.6, which has the specific periods of service for active duty, active duty for training, and inactive duty training for reservists and National Guard personnel. And that regulation is a separate regulation from section 203. But what does that have to do with this? I mean, your contention is that she should have been considered to be on active duty, and the service department records show that she wasn't. What I read together, your honor, and I briefed, was there's an interplay between section 3.6b1 and section 3.6c1, and together those stand for the proposition that the purpose of training should be considered when we read c1. And that's why, but that's an argument to make to the Board of Corrections of the Navy. That's not an argument to make before the veterans court. The veterans court takes a person as they find them by virtue of whatever the service has indicated their service has been. Your honor, I also cited section 501, which from the, not the code of regulations, but from the statute. And under section 501, Congress has given the secretary, under 501a, the secretary is authorized to promulgate rules and regulations necessary to carry out the laws administered by the department, and are consistent with those laws. And I'm citing from a veterans court case of Wynn v. Brown at page 514. So the argument that Mrs. Hutchison served active duty is because we read together the two paragraphs from section 3.6, which were promulgated according to the secretary's power or authority vested upon him by Congress in section 501 of 38 United States Code. And what we looked at was in b1, it says that active duty is full-time duty in the armed forces other than active duty for training. And section c1 says full-time duty in the armed forces performed by reservists for training purposes. So the purpose wasn't training, but work. And I understand that you're disputing the fact that this was not active duty. I get that. But my point is, this is not the forum for that. The forum for that is the Board of Corrections of the Navy. If you have an issue as to how her duty is being characterized, that's not up to the veterans court to determine. The veterans court gets whatever they get. This says she's on active duty for training. That's what they have. If that's incorrect due to your reading of the regulations or that is some sort of mischaracterization of her duty, then your remedy lays with the Navy, not with the veterans court. They don't engage in, well, tell me a little bit about your service. What did you do? What was this training? That's not what the veterans court does. However, Your Honor, the regulations that we're citing here were promulgated by the Department of Veterans Affairs, not the Department of Defense or the Department of the Navy. So we're trying to just use the regulations that are being promulgated by and used by the Department of Veterans Affairs, and that's why we're looking at Section 3.6b1 and 3.6c1, because under those regulations it says that the training purposes is paramount here for what would be considered ex-dutra or active duty for training versus active duty, which is full-time work other than active duty for training. And since there wasn't training involved in these worldwide deployments that she went on, she was loading and unloading airplanes, and she testified about that, and she got buddy letters to talk about the work. Has your client made an application to the corrections court? I don't know the answer to that, Your Honor. I would have to look. Is there some reason that she wouldn't do that? As for right now, I have not investigated that avenue. What I'm trying to do is use the VA regulation to get the benefits for her, and that's why I was looking at the interplay between 3.6b1 and 3.6c1, and then the application of Section 3.303, which says, essentially, time 3.303 is, I think it's time, place, circumstances, service personnel record, service medical record, and lay evidence. And so the fact that lay evidence is written right into the regulation of 3.303, when the Department of Veterans Affairs is making a determination on an issue, the fact that we have lay evidence from both the veteran who has testimony and the buddy letters from the sailors or airmen who served with her. Counselor, when you read Section 3.203, it tells you that the evidence of service is established by the department. It establishes the nature of the evidence that the VA will accept as proof of active military service. So it seems to me that you need to go first to the Board of Records correction and get the identification for the type of service that your client performed, and that is what the VA will rule on. But, Your Honor, when we looked at 3.203, this was for active service, and Section 3.6 defines active service. So that's why when we go to 3.203, we look at records to show whether there was active service. But active service can contain active duty or active duty for training and inactive duty training under certain circumstances, which I believe is accidents, injuries, heart attacks, and strokes for inactive duty. But active service is defined by Section 3.6. So when we look at 2.003, 2.003 shows whether there was active service by record. The records were submitted. The records of her service were submitted. They asked for more information. There was a, I think initially there was a joint partial motion for remand at the Veterans Court. We provided more records that we obtained, and we submitted those. And the records are what they are. However, the definition of active military service comes from Section 3.6, and that's why I'm focusing so much on the interplay between Section 3.6b1 and Section 3.6c1 because that's the definition. And under the definition of active military service, all those forms of service can be considered active military service. However, if we look, even at what I think the court observed that the Board of Veterans Appeals has acknowledged that there has been, that there is basically a double standard here for reserve personnel versus active duty personnel. And so we looked at pages 11 and 12 of the appendix, and it goes through and talks about many of the differences between what a veteran who is active duty versus a reservist goes through. And so in this case, I was just looking at the regulation 3.6 because I think it works together, it dovetails together with Section 203. Once the records show that there's active military service, then we go to 3.6 to see what type of active military service there is. And sometimes it's confusing because active military service is a VA term, and active duty is just one of the components of active military service. And there's active duty, active duty for training, and inactive duty training, all of which can be considered active military service under the definition provided by 3.6. At the end of the day, your problem as you state it and as you write in your briefs is that there's been a mischaracterization of the type of service that your client had. Correct? There's been a mischaracterization. The entity and the regulations, a framework by which to correct that, is with the Board of Corrections for Military Records. And I'm afraid that while commendable, your review of the different regulations are taking you to different places. Really the place you need to go to, it seems to me, would be the Board of Corrections for Military Records. And I appreciate that, Your Honor. If we are not successful in our endeavor here with you today, that will very well be what we discuss doing. But right now we're in front of you, and our argument is based on Section 203 says the records to verify service. However, the definitions for active military service go back to Section 3.6, and that's why I'm arguing Section 3.6 so much this morning. The other thing I would say about that is I also went and added Section 3.303 because it does add that element of lay evidence to the considerations that the Department of Veterans Affairs must consider, along with the place of type circumstances, military service records, personnel records, and military medical records. So when I read all that in Paragraph A of Section 3.303, that was where we looked at for Horry to present the lay evidence from both the plaintiff and her buddies who served with her, that of course there's, like I've been saying, the interplay between the definitions under Section 3.6b and Section 3.6c, and that under Delacruz and Section 3.203, we provided records that show active military service. Okay, I think we're out of time. We'll give you a minute for rebuttal. Mr. Havison?  Good morning, Your Honors, and may it please the Court. Ms. Hutchinson disagrees with the characterization of her service as active duty for training as opposed to active duty. The proper forum for her to raise this, as you have raised with my opposing counsel, would be the Corrections Board. That would seem to be correct. So let me ask you about Delacruz, where we told the Veterans Court to hold the case in abeyance, pending a resort to the Corrections Board. Should we do the same thing here? Well, you certainly could as an option here. I'm not sure that it's necessary because VA at this point has accepted the service records, and they're not disputing the contents of the service records. They want to get them changed. They want to get them changed by the Corrections Board, perhaps. So why not tell Veterans Court to stay the case pending a resort to the Corrections Board? They certainly could. That's certainly an option that the Court could take here if the Court wished to do so. You probably don't know the answer to this question. Is there any law at the Corrections Board about considering a change from active service for training to active service? Are there any cases like that, or is that just a new concept? I'm not familiar with any specific cases coming from the Corrections Board that deal with that issue, but the Corrections Board has wide authority, generally, to correct military wrecks, any sort of, from administrative to substantive, any sort of error or even an injustice that doesn't necessarily rise to the level of error. So I think this would fall within that purview. Can the VA on its own provide the relief that the petitioners seeking the appellant? No, because as this Court has held in Soria, Delacruz, the VA is bound by the service department records. They're conclusive and binding, as this Court said in Soria. So there's nothing that this Court could do given that the service records exist. Your follow-up to Judge Dyck's question that I would have is that isn't there a risk that the petitioner's claim could be time-barred by waiting and waiting, as we see happens in some of these cases? That is a risk. The Corrections Board has a three-year statute of limitations from when the error would have been learned of. Here, Ms. Hutchinson ended service in 2011, so we are very far beyond that three years. But the Corrections Board at 10 U.S.C. 1552b says that the Board may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice. And in our experience, that happens more frequently than not, that the Board will excuse the three years if it finds it to be in the interest of justice. So if the Board were to look at this and say, well, maybe these buddy statements in her testimony do raise questions about the nature of her service, they might excuse the three-year statute of limitations. And I assume you have no position on whether or not the type of experience that Ms. Hutchinson had would fall under the umbrella of active duty. No. Again, that is completely within the purview of the Navy. There are many DOD regulations that talk about what constitutes active duty, active duty for training, all the other various kinds of service. What's the time limit? Three years from the point that the claim accrued or that they filed this case? It would be... It seems to me that the petitioner is going to be left without any type of relief as of today. It would be three years from the discovery of the error or injustice. So it would be from whenever she discovered that the military had characterized her service as training service as opposed to active duty service, which I would presume would be sometime either during or immediately following her service when she had access to her service records, which again, she left service in 2011, so that would be quite a long time. But again, in our experience, the board very frequently waives that statute of limitations if it feels that there was an injustice that was done. So staying this case pending a resolution at the Board of Corrections would not necessarily be for naught. Not necessarily. And certainly, as I said, the board has broad powers to correct an error or even an injustice. So the board could choose to take a look at this testimony, buddy statements, anything else that it wanted to look at. Okay, anything further? No, thank you. Okay, thank you. Mr. Brown, you have a minute.  Thank you, Your Honor. First of all, I do agree with the counsel for the secretary that the Board of Corrections Naval Record is very, very gracious, in most cases, in granting the late request for a change of military record in the interest of justice. So I concede that point. We've done that numerous times with other veterans. I just want to go back, and I think I've already said it before, but I want to make sure I'm clear that there's a difference between the military word, the military has a word called active duty, but Section 3.6 is a regulation promulgated by the Secretary of Veterans Affairs, and Section 3.6 is the definition section, and it breaks down the different forms of active military service, and that includes active duty, active duty for training, and inactive duty training. So we're basing our argument, and as I've said before, we're basing our argument on the VA's regulations and how that dovetails together with Section 203, which is also a VA regulation, that says that service partner records can verify service. In this case, the service partner records do verify the service. What I'm talking about is the type of service based on the VA's definitions under Section 3.6, Section 3.6b1 and Section 3.6c1 read together. So that's the difference. Since this is a decision that was made by the Department of Veterans Affairs, it's on appeal today, and I'm focusing on the Department of Veterans Affairs regulations, which is how the Department used its own regulations and made its decision. So in this case, I think I can waive any additional time unless... We don't have any additional time. I think we're out of time. Thank you. Thank you, Mr. Brown. Thank you, Ms. Haverny. The case is submitted. And thanks to Judge Bassoon for sitting with us today, which is much appreciated. And that concludes our session for this morning.